# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
3/20/2025
By: Iridian Cuen Rubio, DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** COUNTY OF SAN BERNARDINO, a public entity; and DOES 1 through 40, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** THE ESTATE OF ALBERT PARK, by and through successor in interest and personal representative JILL CHRISTINA GILES; and JILL CHRISTINA GILES, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: San Bernardino Justice Center<br>(El nombre y dirección de la corte es): 247 West Third Street<br>San Bernardino, CA 92415 | CASE NUMBER:<br>(Número del Caso):<br>**CIVSB2505029** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
David Gammill (SBN 258286) GAMMILL LAW APC., 1500 ROSECRANS AVENUE., SUITE 500, MANHATTAN BEACH, CA 90266; Telephone: 310.750.4149

| DATE:<br>(Fecha) 3/20/2025 | Clerk, by<br>(Secretario) /s/ Iridian Cuen Rubio | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [XX] on behalf of (specify): COUNTY OF SAN BERNARDINO, a public entity

   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
   [XX] other (specify): CCP 416.50 (Public Entity)
4. [X] by personal delivery on (date): 3/21/25

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1

# GAMMILL LAW

A PROFESSIONAL CORPORATION
1500 ROSECRANS AVE. STE. 500
MANHATTAN BEACH, CALIFORNIA
90266
TELEPHONE 310.750.4149
INFO@GAMMILL.LAW

DAVID GAMMILL    SBN 258286
Attorney for Plaintiffs THE ESTATE OF ALBERT PARK and JILL CHRISTINA
GILES

CLERK OF THE
BOARD OF SUPERVISORS

2025 MAR 21 AM 9:17

SAN BERNARDINO COUNTY
CALIFORNIA

F

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| THE ESTATE OF ALBERT PARK, by and through successor in interest and personal representative JILL CHRISTINA GILES; and<br>JILL CHRISTINA GILES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, a public entity; and<br>DOES 1 through 40, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983): EXCESSIVE FORCE;**<br>2. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983): EXCESSIVE FORCE *MONELL* CLAIM;**<br>3. **INTERFERENCE WITH CIVIL RIGHTS (CAL. CIV. CODE § 52.1);**<br>4. **WRONGFUL DEATH;**<br>5. **ASSAULT;**<br>6. **BATTERY;**<br>7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>8. **NEGLIGENCE;**<br>9. **NEGLIGENT HIRING, SUPERVISION, OR RETENTION.**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

Plaintiffs the Estate of Albert Park and Jill Christina Giles complain and allege as follows:

## **INTRODUCTION**

1.    Plaintiffs bring this action against Defendants County of San Bernardino and Does 1 through 40 to seek redress for the death of Decedent Albert Park. Decedent Park was wrongfully killed by deputies of the San Bernardino County Sherriff's Department while he was trying to surrender to them on his front porch. The Sheriff's Department deputies used excessive force in killing Decedent Park, as they fatally wounded him after firing approximately 15 rounds at him without issuing any commands, attempting de-escalation, or providing life-saving assistance.

## **PARTIES**

2.    Decedent Albert Park died on August 10, 2024. At all relevant times, Decedent Albert Park was a resident of the County of San Bernardino. At all relevant times, Plaintiff Jill Christina Giles was an individual residing in the County of San Bernardino. Plaintiff Jill Christina Giles was the legal wife of Decedent Park and is his legal heir and successor in interest; she is also the personal representative of his estate. Plaintiff Jill Christina Giles is authorized to bring this lawsuit personally and on behalf of the Estate of Decedent Albert Park in accordance with California Code of Civil Procedure sections 377.11 and 377.30.

3.    At all relevant times, Defendant County of San Bernardino was a public entity organized and existing under the laws of the State of California.

4.    Plaintiffs are informed and believe, and thereupon allege, that at all relevant times, Defendants Does 1 through 20, inclusive, were individuals residing in the County of San Bernardino. At all relevant times, Defendants Does 1 through 20 were law-enforcement officers or other personnel employed or otherwise engaged by Defendant County of San Bernardino and directly involved in the shooting of Decedent Albert Park. At all relevant times, Defendants Does 1 through 20 were acting within the course and scope of their employment or agency with Defendant County of San Bernardino. The true names and capacities of Does 1 through 20 are unknown to Plaintiffs who therefore sue these Defendants

1  by fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to show the
2  true names and capacities of Does 1 through 20 after these have been ascertained.

3      5.      The true names and capacities, whether individual, plural, corporate,
4  partnership, associate, or otherwise, of Defendants Does 21 through 40, inclusive, are
5  unknown to Plaintiffs who therefore sue these Defendants by fictitious names. The full extent
6  of the facts linking Does 21 through 40 to Plaintiffs' injuries is currently unknown. Plaintiffs
7  are informed and believe, and thereupon allege, that each of Does 21 through 40 was and is
8  negligent or in some other actionable manner responsible for the events and happenings
9  described in this Complaint and is thereby negligently or in some other actionable manner
10  legally and proximately responsible for Plaintiffs' injuries. Plaintiffs will seek leave of Court
11  to amend this Complaint to show the true names and capacities of Does 21 through 40 after
12  these have been ascertained.

13                    **JURISDICTION AND VENUE**

14      6.      Subject-matter jurisdiction is proper in the Superior Court of California, County
15  of San Bernardino, which is a court of general jurisdiction.

16      7.      Personal jurisdiction over all Defendants is proper under Code of Civil
17  Procedure section 410.10, which provides that California courts are authorized to exercise
18  jurisdiction over parties "on any basis not inconsistent with the Constitution of this state or of
19  the United States."

20      8.      Venue is proper, under Code of Civil Procedure section 395, in the Superior
21  Court of California, County of San Bernardino, because Plaintiffs' injuries were sustained, in
22  whole or in part, in the County of San Bernardino.

23      9.      Plaintiffs have complied with the Government Tort Claims Act. In accordance
24  with Government Code section 910 et seq., Plaintiffs filed a government tort claim with
25  Defendant County of San Bernardino on October 29, 2024. Defendant County of San
26  Bernardino rejected this claim on December 11, 2024. This Complaint timely follows.

27  ///
28  ///

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

## STATEMENT OF FACTS

2

10.    While Decedent Albert Park was riding his motorcycle in the early morning

3

hours of August 10, 2024, San Bernardino County Sherriff's Department Deputies Defendants

4

Does 1 through 4, inclusive, began to pursue Park for an alleged Vehicle Code violation.

5

11.    Park arrived home and dismounted his motorcycle. Seconds later, Does 1

6

through 4 fired approximately 15 rounds at him, wounding him fatally.

7

12.    Decedent Park was carrying a gun at the time of the pursuit. When he reached

8

his front porch, he attempted to surrender to Does 1 through 4 by letting go of this weapon.

9

Before he even had a chance to do this, however, Does 1 through 4 had opened fire.

10

13.    Does 1 through 4 never issued any commands to Park and never attempted to

11

de-escalate the situation. Park never pointed his gun at Does 1 through 4, and at the time they

12

began shooting at him, Park was holding the gun with just two fingers in his non-dominant

13

hand with its barrel pointed toward the ground. Park never pointed the gun at any of Does 1

14

through 4, and they never bothered to ask him to freeze, show his hands, or drop the weapon.

15

14.    The first one to two shots fired by Does 1 through 4 hit Park in the back. Does 1

16

through 4 then ordered Park to turn around. He did so, but Does 1 through 4 continued

17

shooting, discharging a total of approximately 15 rounds, some of which damaged a tree in

18

Park's yard and penetrated the walls of his home, where other people were sleeping.

19

15.    After Park fell to the ground, Defendants did not call 911 or attempt to render

20

emergency aid. Park died at approximately 1:12 a.m.

21

22

23

24

25

26    ///

27    ///

28    ///

- 4 -

# FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) EXCESSIVE FORCE

### (Plaintiffs against Defendants Does 1–20, inclusive)

16.    Plaintiffs reallege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

17.    As alleged herein, Defendants used excessive force against Decedent when they unjustifiably shot multiple rounds at him before issuing any commands to him or otherwise attempting to deescalate the situation. Defendants also denied Decedent essential medical care by failing to call 911 or render emergency aid after they shot Decedent. The foregoing conduct was without justification or probable cause. Defendants' unjustified excessive use of force and failure to seek or render emergency aid deprived Decedent of his right to be secure in his person against unreasonable use of force as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and his right to due process under the Fourteenth Amendment.

18.    Based on the facts readily available and known to Defendants, no reasonable conclusion could be drawn that the extreme degree of force used was reasonable. At all relevant times, Decedent posed no immediate threat of death or serious bodily injury to anyone. No objective facts readily available and known to Defendants could have reasonably led them to conclude that Decedent was a threat requiring the use of such harmful and excessive force. As a result of the foregoing, Decedent suffered fatal injuries. Further, Defendants' actions and use of force violated their training and standard law-enforcement-officer training.

19.    Defendants, under color of law, intentionally, recklessly, negligently, unlawfully, and with malice, fraud, and oppression violated Decedent's civil rights and his right to be secure in his person against unreasonable use of force as guaranteed to Decedent under the Fourth and Fourteenth Amendments, as well as his right to due process under the Fourteenth Amendment.

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

20.     Decedent further alleges that Defendants, with deliberate indifference to and reckless disregard for Decedent's safety and well-being, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution, committed or allowed to be committed, acts that deprived Decedent of his Constitutional rights.

21.     Because of the conduct of Defendants, and each of them, Decedent suffered fatal injuries. California Code of Civil Procedure section 377.30 states: "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Accordingly, Decedent's cause of action passes to Plaintiffs as Decedent's successors in interest, and Plaintiffs are entitled to general damages and special damages, all in sum to be proved at trial. Because of the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorney's fees and will continue to incur attorney's fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable under 42 U.S.C. § 1988.

22.     Defendants acted with a conscious disregard of Decedent's rights conferred upon him by Section 1983, Title 42 of the United States Code and by the Fourth and Fourteenth Amendments to the United States Constitution by intentionally and unnecessarily causing Decedent fatal harm.

## SECOND CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) EXCESSIVE FORCE

### *MONELL* CLAIM

**(Plaintiffs against Defendants County of San Bernardino and Does 21–40, inclusive)**

23.     Plaintiffs reallege and incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

24.     As alleged herein, Defendants used excessive force against Decedent when they unjustifiably shot multiple rounds at him before issuing any commands to him or otherwise attempting to deescalate the situation. Defendants also denied Decedent essential medical care by failing to call 911 or render emergency aid after they shot Decedent. The foregoing conduct

was without justification or probable cause. Defendants' unjustified excessive use of force and failure to seek or render emergency aid deprived Decedent of his right to be secure in his person against unreasonable use of force as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and his right to due process under the Fourteenth Amendment.

25.    At all relevant times, Defendants Does 1 through 20 acted under color of state law. Defendants' actions violated Plaintiff's rights under the United States Constitution, including the Fourth and Fourteenth Amendments thereto.

26.    Upon information and belief, Defendants Does 16 through 20 were final policymakers, acting under color of state law, who had final policymaking authority concerning the acts of all other Defendant law-enforcement officers sued in this action. Does 16 through 20 ratified the acts of all other law-enforcement officers sued in this action and ratified the bases for these acts. Upon information and belief, the final policymakers knew of and specifically approved of the acts of the law-enforcement officers sued in this action.

27.    Upon information and belief, one or more final policymakers determined that the acts of the law-enforcement officers sued in this action were "within policy."

28.    Accordingly, Defendant County of San Bernardino is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

29.    The training policies of Defendant County of San Bernardino and its Sheriff's Department were not adequate to train law-enforcement officers to handle the usual and recurring situations with which they must deal.

30.    Defendant County of San Bernardino and its Sheriff's Department were deliberately indifferent to the obvious consequences of their failure to train their officers adequately.

31.    The failure of Defendant County of San Bernardino and its Sheriff's Department to provide adequate training caused the deprivation of Decedent's rights by the law-enforcement officers sued in this action; that is, Defendant County of San Bernardino's failure

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  to train is so closely related to the deprivation of Decedent's rights as to be the moving force
2  that caused the ultimate injury.

3      32.    On information and belief, Defendant County of San Bernardino and its Sheriff's
4  Department failed to train the law-enforcement officers sued in this action properly and
5  adequately. By reason of the aforementioned acts and omissions, Decedent was fatally injured.

6      33.    Accordingly, Defendant County of San Bernardino is liable to Plaintiffs for
7  compensatory damages under 42 U.S.C. § 1983.

8      34.    The law-enforcement officers sued in this action acted pursuant to an expressly
9  adopted official policy or a longstanding practice or custom of Defendant County of San
10 Bernardino and its Sheriff's Department.

11     35.    On information and belief, the law-enforcement officers sued in this action were
12 not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with
13 Decedent's fatal injuries.

14     36.    Defendant County of San Bernardino's policymakers and supervisors
15 maintained, among others, the following unconstitutional customs, practices, and policies:

16     (a) Applying excessive force in violation of citizens' Fourth and Fourteenth
17 Amendment rights;

18     (b) Providing inadequate training regarding use of force;

19     (c) Employing and retaining as law-enforcement officers persons such as the
20 law-enforcement officers sued in this action, whom Defendant County of San
21 Bernardino and its Sheriff's Department knew or reasonably should have known had
22 dangerous propensities for abusing their authority and for applying excessive force in
23 violation of constitutional rights;

24     (d) Inadequately supervising, training, controlling, assigning, and disciplining
25 San Bernardino County law-enforcement officers and other personnel, including the
26 law-enforcement officers sued in this action, whom Defendant County of San
27 Bernardino and its Sheriff's Department knew, or in the exercise of reasonable care
28 should have known, had the aforementioned propensities and character traits;

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by the law-enforcement officers sued in this action;

(f) Failing to adequately discipline San Bernardino County officers, including the law-enforcement officers sued in this action, for the above-referenced categories of misconduct, including by employing mere "slap-on-the-wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and by administering other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unreasonable, unjustified, and excessive use-of-force practices are "within policy," including practices later determined to be unconstitutional; and

(h) Even where use of force is determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved.

37.    By reason of the aforementioned acts and omissions, Decedent suffered fatal injuries. Under California Code of Civil Procedure section 377.30, Plaintiffs, as Decedent's successors in interest, are entitled to damages in an amount to be proved at trial.

38.    Defendant County of San Bernardino, the San Bernardino County Sheriff's Department, and Defendants Does 16 through 20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated, and ratified such policies. These Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent and others similarly situated.

39.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants acted with intentional, reckless, and callous disregard for Decedent's constitutional rights. Further, the policies, practices, and customs implemented,

- 9 -

1   maintained, and still tolerated by Defendants were affirmatively linked to and were a
2   significantly influential force behind Decedent's fatal injuries.

3        40.    Accordingly, Defendant County of San Bernardino is liable to Plaintiffs for
4   compensatory damages under 42 U.S.C. § 1983.

5                            **THIRD CAUSE OF ACTION**

6        **INTERFERENCE WITH CIVIL RIGHTS (CAL. CIV. CODE § 52.1)**

7                        **(Plaintiffs against all Defendants)**

8        41.    Plaintiffs reallege and incorporate herein by reference each and every allegation
9   and statement contained in the prior paragraphs.

10       42.    As alleged herein, Defendants Does 1 through 20 used excessive force against
11  Decedent when they unjustifiably shot multiple rounds at him before issuing any commands
12  to him or otherwise attempting to deescalate the situation. Defendants then failed to call 911
13  or render emergency aid to Decedent. The foregoing conduct was without justification or
14  probable cause. Defendants' unjustified excessive use of force and failure to seek or render
15  appropriate aid deprived Decedent of his right to be secure in his person against unreasonable
16  use of force as guaranteed under the Fourth and Fourteenth Amendments to the United States
17  Constitution and his right to due process under the Fourteenth Amendment. Defendants'
18  conduct also interfered with analogous rights guaranteed to Decedent by the Constitution and
19  laws of the State of California.

20       43.    Based on the facts readily available and known to Defendants Does 1 through
21  20, no reasonable conclusion could be drawn that the extreme degree of force used was
22  reasonable. At all relevant times, Decedent posed no immediate threat of death or serious
23  bodily injury to anyone. No objective facts readily available and known to Defendants could
24  have reasonably led them to conclude that Decedent was a threat requiring the use of such
25  harmful and excessive force. As a result of the foregoing, Decedent suffered fatal injuries.
26  Further, Defendants' actions and use of force violated their training and standard law-
27  enforcement-officer training.

28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1    44.    Decedent's rights to due process and to be secure in his person against

2   unreasonable use of force were clearly delineated and plainly applicable. Defendants Does 1

3   through 20 were aware of Decedent's constitutional rights to due process and to be free from

4   excessive force, and yet Defendants Does 1 through 20 nevertheless fired multiple rounds at

5   Decedent and then failed to seek or render emergency aid without justification. In unjustifiably

6   shooting multiple rounds at Decedent before issuing any commands to him or otherwise

7   attempting to deescalate the situation and then failing to call 911 or render emergency aid to

8   Decedent after he had been shot, Defendants interfered with Decedent's enjoyment of his

9   rights under the constitution and laws of the United States and those of the State of California

10   by force, threat, or coercion.

11    45.    The conduct of Does 1 through 20 was an outgrowth of these Defendants'

12   employment or agency with Defendant County of San Bernardino and Defendants Does 21

13   through 40, and the risk of this conduct was inherent to the employment or agency relationship.

14   Given that Does 1 through 20 were responsible for law enforcement, it was foreseeable that

15   physical conflicts between Does 1 through 20 and civilians would arise. Accordingly,

16   Defendants County of San Bernardino and Does 21 through 40 are vicariously liable for the

17   conduct of Does 1 through 20.

18    46.    Because of the conduct of Defendants, and each of them, Decedent suffered fatal

19   injuries. California Code of Civil Procedure section 377.30 states: "A cause of action that

20   survives the death of the person entitled to commence an action or proceeding passes to the

21   decedent's successor in interest . . . and an action may be commenced by the decedent's

22   personal representative or, if none, by the decedent's successor in interest." Accordingly,

23   Decedent's cause of action passes to Plaintiffs as Decedent's successors in interest, and

24   Plaintiffs are entitled to general damages and special damages, all in sum to be proved at trial.

25   Because of the conduct of Defendants, and each of them, Plaintiffs have been required to incur

26   attorney's fees and will continue to incur attorney's fees, all to Plaintiffs' damage in a sum to

27   be proved at trial and recoverable under California Civil Code § 52.1, subd. (i).

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    47.    Defendants acted with a conscious disregard of Decedent's rights conferred

2    upon him by California Civil Code section 52.1, by the Fourth and Fourteenth Amendments

3    to the United States Constitution, and by the Constitution and laws of the State of California

4    by intentionally and unnecessarily causing Decedent fatal harm.

5    **FOURTH CAUSE OF ACTION**

6    **WRONGFUL DEATH**

7    **(Plaintiffs against all Defendants)**

8    48.    Plaintiffs reallege and incorporate herein by reference each and every allegation

9    and statement contained in the prior paragraphs.

10    49.    By firing multiple rounds at Decedent without justification and without first

11    issuing commands to Decedent or attempting to deescalate the situation, Defendants Does 1

12    through 20 caused harmful or offensive contact with Decedent's body that resulted in

13    Decedent's death. Does 1 through 20 did so with the intent to cause such contact.

14    50.    Decedent did not consent to the conduct of Does 1 through 20, and a reasonable

15    person in Decedent's situation would have been harmed or offended by the contact with

16    Decedent's body that Does 1 through 20 caused.

17    51.    As a direct and proximate result of the conduct of Does 1 through 20, Decedent

18    was fatally wounded.

19    52.    The conduct of Does 1 through 20 was an outgrowth of these Defendants'

20    employment or agency with Defendant County of San Bernardino and Defendants Does 21

21    through 40, and the risk of this conduct was inherent to the employment or agency relationship.

22    Given that Does 1 through 20 were responsible for law enforcement, it was foreseeable that

23    physical conflicts between Does 1 through 20 and civilians would arise. Accordingly,

24    Defendants County of San Bernardino and Does 21 through 40 are vicariously liable for the

25    conduct of Does 1 through 20.

26    53.    Defendants had a general duty of care to conduct themselves in such a manner

27    so as to avoid creating unreasonable risks of harm to others.

28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

54.    Defendants Does 1 through 20 breached their general duty of care by firing multiple rounds at Decedent without justification and without first issuing commands to Decedent or attempting to deescalate the situation, and also by failing to call 911 or provide emergency aid to Decedent after he had been shot. Defendants Does 1 through 20 breached their relevant duties of care while acting within the course and scope of their employment or agency with Defendants County of San Bernardino and Does 21 through 40, and Defendants County of San Bernardino and Does 21 through 40 are therefore vicariously liable for their actions.

55.    Defendants County of San Bernardino and Does 21 through 40 directly breached their general duty of care by failing to train Defendants Does 1 through 20 how to navigate and deescalate conflicts with civilians so as to avoid the need for use of deadly force and how to care properly for civilians injured in such conflicts. Defendants County of San Bernardino and Does 21 through 40 also directly breached their general duty of care by allowing Defendants Does 1 through 20 to work as law-enforcement officers despite their unfitness to do so.

56.    As a direct and proximate result of the conduct of Defendants, Decedent sustained fatal injuries.

57.    California Code of Civil Procedure section 377.60 states:

> A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:
>
> (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.

(Civ. Proc. Code, § 377.60.)

58.    Plaintiff Jill Giles is the wife and personal representative of Decedent Albert Park and is therefore entitled to bring this claim on behalf of herself and the Estate of Albert

- 13 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  Park. Plaintiff Jill Giles has suffered economic and noneconomic injuries as a direct and

2  proximate result of Defendants' conduct and is therefore entitled to special and general

3  damages in an amount according to proof at trial. Plaintiff Jill Giles has been damaged

4  financially and emotionally by losses including but not limited to funeral expenses and the loss

5  of Decedent Albert Park's financial support, gifts and benefits, household services, love,

6  companionship, comfort, care, assistance, protection, affection, and moral support. In

7  accordance with Code of Civil Procedure section 377.60, Plaintiff Jill Giles brings this

8  wrongful-death claim.

9      59.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered

10  economic and noneconomic injuries and are entitled to special and general damages according

11  to proof.

12      60.    Defendants' conduct described herein was done with a conscious disregard of

13  Decedent's rights and with the intent to vex, injure, or annoy Decedent so as to constitute

14  oppression, fraud, or malice under California Civil Code section 3294, entitling Plaintiffs to

15  punitive damages in light of the reprehensibility of Defendants' conduct and Decedent's fatal

16  injuries.

17                          **FIFTH CAUSE OF ACTION**

18                                  **ASSAULT**

19                        **(Plaintiffs against all Defendants)**

20      61.    Plaintiffs reallege and incorporate herein by reference each and every allegation

21  and statement contained in the prior paragraphs.

22      62.    Defendants Does 1 through 20 fired multiple rounds at Decedent without

23  justification and without first issuing commands to Decedent or attempting to deescalate the

24  situation. In doing so, Defendants Does 1 through 20 intended to cause harmful or offensive

25  contact with Decedent's person.

26      63.    As a result of the acts of Defendants Does 1 through 20, Decedent reasonably

27  believed that he was about to experience harmful or offensive contact.

28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1    64.    It reasonably appeared to Decedent that Defendants Does 1 through 20 were

2  about to harm him.

3    65.    Decedent did not consent to the conduct of Defendants Does 1 through 20.

4    66.    The conduct of Does 1 through 20 was an outgrowth of these Defendants'

5  employment or agency with Defendant County of San Bernardino and Defendants Does 21

6  through 40, and the risk of this conduct was inherent to the employment or agency relationship.

7  Given that Does 1 through 20 were responsible for law enforcement, it was foreseeable that

8  physical conflicts between Does 1 through 20 and civilians would arise. Accordingly,

9  Defendants County of San Bernardino and Does 21 through 40 are vicariously liable for the

10  conduct of Does 1 through 20.

11    67.    As a direct and proximate result of Defendants' conduct, Decedent suffered fatal

12  injuries. Before his death, Mr. Park experienced pain, suffering, emotional distress, and

13  sustained economic and noneconomic injuries. Under Code of Civil Procedure section 377.30,

14  Plaintiffs, as Decedent's successors in interest and as the personal representative of his estate,

15  are entitled to damages in an amount to be proved at trial.

16    68.    Defendants' conduct described herein was done with a conscious disregard of

17  Decedent's rights and with the intent to vex, injure, or annoy Decedent so as to constitute

18  oppression, fraud, or malice under California Civil Code section 3294, entitling Plaintiffs to

19  punitive damages in light of the reprehensibility of Defendants' conduct and Decedent's fatal

20  injuries.

21                      **SIXTH CAUSE OF ACTION**

22                            **BATTERY**

23                    **(Plaintiffs against all Defendants)**

24    69.    By firing multiple rounds at Decedent without justification and without first

25  issuing commands to Decedent or attempting to deescalate the situation, Defendants Does 1

26  through 20 caused harmful or offensive contact with Decedent's body that resulted in

27  Decedent's death. Does 1 through 20 did so with the intent to cause such contact.

28  ///

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

70.     Decedent did not consent to the conduct of Does 1 through 20, and a reasonable person in Decedent's situation would have been harmed or offended by the contact with Decedent's body that Does 1 through 20 caused.

71.     As a direct and proximate result of the conduct of Does 1 through 20, Decedent was fatally wounded.

72.     The conduct of Does 1 through 20 was an outgrowth of these Defendants' employment or agency with Defendant County of San Bernardino and Defendants Does 21 through 40, and the risk of this conduct was inherent to the employment or agency relationship. Given that Does 1 through 20 were responsible for law enforcement, it was foreseeable that physical conflicts between Does 1 through 20 and civilians would arise. Accordingly, Defendants County of San Bernardino and Does 21 through 40 are vicariously liable for the conduct of Does 1 through 20.

73.     As a direct and proximate result of Defendants' conduct, Decedent suffered fatal injuries. Before his death, Mr. Park experienced pain, suffering, emotional distress, and sustained economic and noneconomic injuries. Under Code of Civil Procedure section 377.30, Plaintiffs, as Decedent's successors in interest and as the personal representative of his estate, are entitled to damages in an amount to be proved at trial.

74.     Defendants' conduct described herein was done with a conscious disregard of Decedent's rights and with the intent to vex, injure, or annoy Decedent so as to constitute oppression, fraud, or malice under California Civil Code section 3294, entitling Plaintiffs to punitive damages in light of the reprehensibility of Defendants' conduct and Decedent's fatal injuries.

**SEVENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Plaintiffs against all Defendants)**

75.     Plaintiffs reallege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

76.     By firing multiple rounds at Decedent without justification and without first issuing commands to Decedent or attempting to deescalate the situation, and by failing to call 911 or render emergency aid to Decedent after he had been shot, Defendants Does 1 through 20 engaged in extreme and outrageous conduct far outside of what is tolerated in a civilized society.

77.     In engaging in the extreme and outrageous conduct described, Defendants Does 1 through 20 intended to cause severe emotional distress to Decedent or recklessly disregarded a high probability that Decedent would suffer severe emotional distress.

78.     As a direct and proximate result of the conduct of Defendants Does 1 through 20, Decedent suffered severe emotional distress.

79.     The conduct of Does 1 through 20 was an outgrowth of these Defendants' employment or agency with Defendant County of San Bernardino and Defendants Does 21 through 40, and the risk of this conduct was inherent to the employment or agency relationship. Given that Does 1 through 20 were responsible for law enforcement, it was foreseeable that physical conflicts between Does 1 through 20 and civilians would arise. Accordingly, Defendants County of San Bernardino and Does 21 through 40 are vicariously liable for the conduct of Does 1 through 20.

80.     As a direct and proximate result of Defendants' conduct, Decedent suffered fatal injuries. Before his death, Mr. Park experienced pain, suffering, emotional distress, and sustained economic and noneconomic injuries. Under Code of Civil Procedure section 377.30, Plaintiffs, as Decedent's successors in interest and as the personal representative of his estate, are entitled to damages in an amount to be proved at trial.

81.     Defendants' conduct described herein was done with a conscious disregard of Decedent's rights and with the intent to vex, injure, or annoy Decedent so as to constitute oppression, fraud, or malice under California Civil Code section 3294, entitling Plaintiffs to punitive damages in light of the reprehensibility of Defendants' conduct and Decedent's fatal injuries.

///

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

**EIGHTH CAUSE OF ACTION**

**NEGLIGENCE**

**(Plaintiffs against all Defendants)**

82.     Plaintiffs reallege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

83.     Defendants had a general duty of care to conduct themselves in such a manner so as to avoid creating unreasonable risks of harm to others.

84.     Defendants Does 1 through 20 breached their general duty of care by firing multiple rounds at Decedent without justification and without first issuing commands to Decedent or attempting to deescalate the situation. Defendants Does 1 through 20 also breached their general duty of care by failing to call 911 or render emergency aid to Decedent after he had been shot. Defendants Does 1 through 20 breached their relevant duties of care while acting within the course and scope of their employment or agency with Defendants County of San Bernardino and Does 21 through 40, and Defendants County of San Bernardino and Does 21 through 40 are therefore vicariously liable for their actions.

85.     Defendants County of San Bernardino and Does 21 through 40 directly breached their general duty of care by failing to train Defendants Does 1 through 20 how to navigate and deescalate conflicts with civilians so as to avoid the need for use of deadly force and how to care properly for civilians injured in such conflicts. Defendants County of San Bernardino and Does 21 through 40 also directly breached their general duty of care by allowing Defendants Does 1 through 20 to work as law-enforcement officers despite their unfitness to do so.

86.     As a direct and proximate result of Defendants' conduct, Decedent suffered fatal injuries. Before his death, Mr. Park experienced pain, suffering, emotional distress, and sustained economic and noneconomic injuries. Under Code of Civil Procedure section 377.30, Plaintiffs, as Decedent's successors in interest and as the personal representative of his estate, are entitled to damages in an amount to be proved at trial.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

87.     Defendants' wrongful conduct as alleged herein was willful, wanton, malicious, and oppressive in that Defendants Does 1 through 20 unjustifiably fired multiple rounds at Decedent without first issuing commands or attempting to deescalate the situation and then failed to call 911 or render emergency aid, and further in that Defendants County of San Bernardino and Does 21 through 40 knowingly allowed law-enforcement officers who were not properly trained or were unfit to perform their duties to remain on the force. This conduct constitutes oppression, fraud, or malice under Civil Code section 3294, entitling Plaintiffs to punitive damages. (See *Taylor v. Superior Court* (1979) 24 Cal.3d 890.)

## NINTH CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION, OR RETENTION

**(Plaintiffs against Defendants County of San Bernardino and Does 21–40, inclusive)**

88.     Plaintiffs reallege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

89.     Defendants County of San Bernardino and Does 21 through 40 hired Defendants Does 1 through 20 as law-enforcement officers.

90.     Defendants Does 1 through 20 were unfit to work as law-enforcement officers at the time they were hired or became unfit to work as law-enforcement officers later.

91.     Defendants County of San Bernardino and Does 21 through 40 knew or should have known that Defendants Does 1 through 20 were or became unfit to perform the work for which they had been hired and that the unfitness of Defendants Does 1 through 20 to work as law-enforcement officers created an unreasonable risk of injury to civilians.

92.     Defendants County of San Bernardino and Does 21 through 40 were also negligent in their training of Defendants Does 1 through 20 in that Defendants County of San Bernardino and Does 21 through 40 did not give Defendants Does 1 through 20 proper training regarding how to navigate conflicts with civilians so as to avoid escalation and the need for deadly force or proper training regarding how to care for civilians injured in such conflicts.

1      93.    As a direct and proximate result of Defendants' conduct, Decedent suffered fatal

2  injuries.

3      94.    Defendants County of San Bernardino and Does 21 through 40's negligence in

4  hiring, supervising, training, or retaining Defendants Does 1 through 20 was a substantial

5  factor in causing Decedent's fatal injuries.

6      95.    As a direct and proximate result of Defendants' conduct, Decedent suffered fatal

7  injuries. Before his death, Mr. Park experienced pain, suffering, emotional distress, and

8  sustained economic and noneconomic injuries. Under Code of Civil Procedure section 377.30,

9  Plaintiffs, as Decedent's successors in interest and as the personal representative of his estate,

10  are entitled to damages in an amount to be proved at trial.

11      96.    Defendants' wrongful conduct as alleged herein was willful, wanton, malicious,

12  and oppressive in that Defendants County of San Bernardino and Does 21 through 40

13  knowingly allowed law-enforcement officers who were not properly trained or were unfit to

14  perform their duties to remain on the force. This conduct constitutes oppression, fraud, or

15  malice under Civil Code section 3294, entitling Plaintiffs to punitive damages. (See *Taylor v.*

16  *Superior Court* (1979) 24 Cal.3d 890.)

17

18

19

20

21

22

23

24

25

26  ///

27  ///

28  ///

- 20 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## **PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs hereby pray for judgment against Defendants, and each of them, as follows:

1.     For general damages (also known as noneconomic damages), including but not limited to compensation for pain and suffering, in an amount in excess of the jurisdictional minimum of this Court, according to proof;

2.     For special damages (also known as economic damages), including but not limited to compensation for funeral expenses, in excess of the jurisdictional minimum of this Court, according to proof;

3.     For prejudgment interest, according to proof;

4.     For costs of suit incurred herein, according to proof;

5.     For punitive and exemplary damages, as allowed by law;

6.     For reasonable attorney's fees as allowed by law; and

7.     For such other and further relief as the Court may deem just and proper.

Dated: February 18, 2025                             GAMMILL LAW, APC

                                                                    By: _____
                                                                    DAVID GAMMILL
                                                                    Attorney for Plaintiffs
                                                                    THE ESTATE OF ALBERT PARK
                                                                    and JILL GILES

- 21 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs The Estate of Albert Park and Jill Giles hereby demand a trial by jury as to all causes of action.

Dated: February 18, 2025

GAMMILL LAW, APC

By: _____
DAVID GAMMILL
Attorney for Plaintiffs
THE ESTATE OF ALBERT PARK
and JILL GILES

- 22 -

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**